## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————

SUSAN H. MINEHAN                    )
                                    )
                    Petitioner,     )
                                    )
        v.                          )        Civil Action No. 08-0499 (JR)
                                    )
UNITED STATES OFFICE                )
OF SPECIAL COUNSEL                  )
                                    )
                    Respondent.     )
—————————————————————————)

## RESPONDENT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Respondent, by and through undersigned counsel, respectfully moves this Court to dismiss Petitioner's claims in this case for lack of jurisdiction over the subject matter, failure to state a claim for which relief can be granted, and in the alternative grant summary judgment. The grounds for this Motion are set forth in the accompanying memorandum in support. A statement of material facts not genuinely in dispute and proposed Order are also filed herewith.[1]

Respondent is prepared to file Exhibits 1-9 to Exhibit 1 to this Motion pending leave from the Court to file them under seal. A motion for leave to file exhibits under seal will be filed contemporaneously with this motion.

—————————————————————

[1] Petitioner, pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Petitioner should further take notice that any factual assertions contained in the affidavits and other attachments in support of Respondent's motion may be accepted by the Court as true unless Petitioner submits her own affidavits or other documentary evidence contradicting the assertions in Respondent's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
LANNY J. ACOSTA, JR.
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| | ) | |
| **SUSAN H. MINEHAN** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-0499 (JR)** |
| | ) | |
| **UNITED STATES OFFICE** | ) | |
| **OF SPECIAL COUNSEL** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

---

**RESPONDENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Respondent, United States Office of Special Counsel ("OSC"), respectfully moves for dismissal of petitioner's petition for mandamus relief, filed on May 2, 2008 in which she requests that this Court order OSC to investigate prohibited personnel practice (PPP) allegations she made to OSC stemming from her employment with the Department of the Army. In the alternative, OSC moves for summary judgment.

## I.  INTRODUCTION

Petitioner, *pro se*, filed a Petition for Writ of Mandamus against OSC on May 2, 2008, requesting that this Court order OSC to investigate prohibited personnel practice (PPP) allegations stemming from her employment with the Department of the Army.[1] Petitioner filed PPP complaints with OSC on February 25, 2000 and March 18, 2003, alleging that the Department of the Army committed PPPs as described at 5 U.S.C. § 2302(b)(4), (9), and (12).[2]

---

[1] While Respondent does not dispute that the employment case with the Army was settled, Plaintiff did not attach a copy of the agreement to her petition.

[2] Under section 2302(b), federal officials with personnel action authority are prohibited from: deceiving or willfully obstructing any person with respect to her right to compete for

OSC opened investigative files with respect to each complaint, which it identified with OSC File

Nos. MA-00-0964 and MA-03-1124, respectively.  In accordance with OSC procedures, OSC

determined that no further investigation was required to close both complaints.

## II. <u>STATEMENT OF FACTS</u>

Respondent hereby incorporates the Statement of Material Facts Not In Genuine Dispute,

filed contemporaneously with this Memorandum.

## III. <u>JURISDICTION AND STANDARD OF REVIEW</u>

### A.  Statutory Framework of the OSC

OSC is an independent investigatory and prosecutorial agency that was created under the

Civil Service Reform Act (CSRA)[3] to, in relevant part, investigate complaints received from

federal employees alleging PPPs and, when warranted and appropriate, seek corrective action

from agencies and the Merit Systems Protection Board on behalf of those employees.  5 U.S.C.

§§ 1212(a)(2) and  1214(a)(1)(A).  Specifically, "[t]he Special Counsel shall receive any

allegation of a prohibited personnel practice and shall investigate the allegation to the extent

necessary to determine whether there are reasonable grounds to believe that a prohibited

personnel practice has occurred, exists, or is to be taken."  5 U.S.C. § 1214(a)(1)(A).

OSC's initial investigation of a PPP complaint is conducted by its Complaints Examining Unit

(CEU).  After its initial investigation, CEU will either refer the PPP complaint to the agency's

---

employment; retaliating against any employee for exercising a complaint, appeal, or grievance
right; and taking or failing to take a personnel action if doing so violates any law, rule, or
regulation that implements a merit system principle.  5 U.S.C. § 2302(b)(4), (9), and (12).

[3] Pub. L. No. 95-454, 92 Stat. 111 (1978).  Although initially created as part of the Merit Systems
Protection Board, OSC became a separate agency in 1989 under the Whistleblower Protection
Act.  Pub. L. No. 101-12, 103 Stat. 16 (1989).

Investigation and Prosecution Division (IPD), if it determines that further investigation and/or legal analysis is necessary, or it will send a written status report (*i.e.*, a preliminary determination letter) to the complainant, if it determines that there are not reasonable grounds to believe that a PPP has occurred.  Preliminary determination letters, which are required by section 1214(a)(1)(D) set forth OSC's proposed findings of fact and legal conclusions, and inform the complainant of her right to submit written comments in response to the letter.

After receiving and considering any additional documentation or comments from the complainant, CEU will either refer the PPP complaint to the IPD for further investigation based on her comments, or close the investigation, if the information submitted by the complainant does not support a change in its initial determination.  If CEU decides to close a PPP investigation, it sends a written statement (*i.e.*, a closure letter) to the complainant, notifying her of the termination of the investigation, summarizing the relevant facts ascertained by the agency, stating the reasons for terminating the investigation, and responding to any comments provided by the complainant in response to the preliminary determination letter.  See 5 U.S.C. § 1214(a)(2)(A).

Finally, complainants often request that OSC reconsider its decision to close a case. Although not statutorily required, OSC honors such requests submitted by complainants, and will either re-open a case (if it is determined that further investigation is warranted) or reaffirm its decision in a letter to the complainant.

**B.  Jurisdiction To Issue A Writ of Mandamus Against OSC**

The Mandamus Act is not an independent grant of jurisdiction to a court.  See In re John G. Westine, 2003 WL 22594063 (D.C. Cir. Oct. 28, 2003); Smith v. Lehman, 533 F.Supp. 1015

(E.D.N.Y. 1982), aff'd, 689 F.2d 342 (2nd Cir. 1982), cert. denied, 459 U.S. 1173 (1983);

Starbuck v. City and County of San Francisco, 556 F.2d 450, 459 (9th Cir. 1977).  The Act

merely provides an additional remedy where subject matter jurisdiction already exists.  See, e.g.,

Smith, 533 F.Supp. at 1018.

     Under the carefully crafted scheme of the CSRA, Congress "indicate[d] a clear … intent

to permit federal court review as provided in the CSRA, or not at all."  Stephens v. Department

of Health and Human Servs., 901 F.2d 1571, 1575 (11th Cir. 1990); see also Carducci v. Regan,

714 F.2d 171, 174 (D.C. Cir. 1983) (the CSRA is an "exhaustive remedial scheme" that clearly

evidences Congressional intent not to permit alternative or preexisting remedies); Borrell v.

United States Int'l Communications Agency, 682 F.2d 981, 988 (D.C. Cir. 1982) ("[W]e are

unable to conclude from the [CSRA] that Congress intended to provide an independent judicial

remedy to employees [to enforce prohibited personnel practice provisions].").

     The CSRA does not provide for judicial review of OSC decisions made pursuant to its

authority under the statute.  However, the Court of Appeals for the D.C. Circuit has held that a

district court has jurisdiction to issue a writ of mandamus if it determines that OSC has failed to

perform its non-discretionary statutory duty to investigate a petitioner's allegations.  Weber v.

United States, 209 F.3d 756 (D.C. Cir. 2000).  The Circuit Court reasoned that "allowing district

courts to issue writs of mandamus to the OSC would not affect the Federal Circuit's jurisdiction"

because the CSRA does not provide for Federal Circuit review of OSC's decisions and, absent

mandamus jurisdiction, "judicial review of OSC's actions would not be available."  Id. at 759.

     Still, the Mandamus Act does not grant a district court jurisdiction to order performance

of acts that require the exercise of discretion on the part of the respondent.  28 U.S.C. § 1361;

See Kirkland Masonry, Inc., v. Commissioner of Internal Revenue, 614 F.2d 532, 534 (5th Cir. 1980).  The Act "confers jurisdiction only when [the respondent] owes a 'clear, ministerial and non-discretionary' duty to [the petitioner]."  Kirkland, 614 F.2d at 534.  In the present matter, Petitioner objects to a purely discretionary duty of OSC, namely the extent and scope of OSC's investigation of her PPP complaints.  However, OSC has performed all of its statutorily-required duties,  both discretionary and ministerial, with regard to Petitioner's complaints – i.e., OSC conducted a preliminary investigation of her allegations sufficient to make a determination about whether there were reasonable grounds to believe that a PPP had occurred.  Accordingly, the Court's issuance of the writ under these circumstances would be inappropriate and without precedent.

### C.  Writs of Mandamus

Mandamus is considered "an extraordinary remedy to be reserved for extraordinary situations."  Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); Cobell v. Norton, 334 F.3d 1128, 1137 (D.C. Cir. 2003); see also Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (mandamus is appropriate only where the circumstances are "extraordinary" and "only in the clearest and most compelling of cases"); Jarecki v. United States, 590 F.2d 670, 674 (7th Cir. 1979), reh'g and reh'g en banc denied (1979), cert. denied, 444 U.S. 829 (1979); Haneke v. Secretary of Health, Educ. and Welfare, 535 F.2d 1291, 1296 (D.C. Cir. 1976).

There are three elements that must exist in order for mandamus to issue:  (1) a petitioner's "right to relief [must be] 'clear and indisputable,'" Cobell, 334 F.3d at 1137; (2) there must be "'no other adequate means' by which petition may attain the relief [she] seeks," id.; and (3) the "agency [must have] a clearly established duty to act."  Weber, 209 F.3d at 760.

See also In re Sealed Case, 151 F.3d 1059, 1063 (D.C.Cir. 1998); In re Kessler, 100 F.3d 1015, 1016 (D.C.Cir. 1997).

      Where the relief sought by a petitioner is a discretionary action by the respondent, the petitioner has not established a "clear and indisputable" right to relief or a "clearly established duty to act" on the part of respondent and thus, mandamus is not an appropriate remedy.  See, e.g., Heckler v. Ringer, 466 U.S. 602, 616 (1984); Weber, 209 F.3d at 760; Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988); Jarecki, 590 F.2d at 675.

### D.  Lack of Jurisdiction

      When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  Warth v. Seldin, 422 U.S. 490, 501 (1975).  Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss."  Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).  "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence."  Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998).

### E.  Summary Judgment

      In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56.  Matsushita Electric

Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984). Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247. The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. Celotex, at 325. "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the (Court) – that there is an absence of evidence to support the non-moving party's case." Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. Matsushita, 475 U.S. at 586. Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, the Plaintiff must state specific facts or present some objective evidence that would enable the court to find an entitlement to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . .

7

or is not sufficiently probative . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). *See also* Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996), aff'd, 203 F.3d 51 (D.C. Cir. 1999).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See* Anderson, 477 U.S. at 247-248. Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id. (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-250 (citations omitted). If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." Id.; Matsushita, 475 U.S. at 587.

Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment." Shelborne v. Runyon, 1997 WL 527352 at **3, citing Celotex, 477 U.S. at 325.

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Celotex, 477 U.S. at 331.

## IV.  ARGUMENT

### A.  Petitioner's Claim As to MA-00-0964 is Time Barred.

Petitioner's request that this Court order OSC to investigate her PPP complaint, identified as MA-00-0964, is barred by the statute of limitations, which requires that a civil action must be filed within six years of the date the action first accrues. 28 U.S.C. § 2401(a) ("Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first

accrues …").  An action accrues as soon as a petitioner can institute a court suit.  Spannaus v. U.S. Dept. of Justice, 824 F.2d 52, 56 (D.C. Cir. 1987).

OSC terminated its investigation of MA-00-0964 on June 28, 2000, and notified petitioner of the termination in a letter dated the same day.  (Respondent Ex. 1, Declaration of Kristin Ellis.)  Petitioner subsequently requested that OSC reconsider its decision to terminate its investigation of MA-00-0964, and OSC reaffirmed its termination decision on December 18, 2001.  (Id.)  Therefore, the statute of limitations began to run, at the latest, on December 18, 2001, and any court suit filed by petitioner after December 18, 2007, is barred by the statute of limitations.  Petitioner did not file the present Petition for Writ of Mandamus until March 24, 2008.  Consequently, it is barred by the statute of limitations.

**B.  OSC Complied With Its Statutory Obligations Under 5 U.S.C. § 1214**.

Under 5 U.S.C. § 1214(a), OSC has a clearly-established duty to investigate PPP complaints submitted to the Office to the extent necessary to determine whether there are reasonable grounds to conclude that a PPP has been committed, is being committed, or will be committed.  5 U.S.C. § 1214(a)(1)(A).  OSC complied with its statutory obligation with respect to Petitioner's PPP complaints when its CEU conducted preliminary investigations sufficient to make its "reasonable grounds" determination.  Specifically, upon receiving Petitioner's complaints, OSC opened investigative files and conducted the amount of investigation necessary for it to determine that it did not have reasonable grounds to believe that a PPP had occurred.[4]

---

[4] Despite the somewhat less than complete explanation in OSC's preliminary determination letter to Petitioner in MA-00-0964 that OSC does not "investigate" allegations of improper classifications until the Office of Personnel Management (OPM), which is the final authority with respect to position classification in the Government, has issued a decision that a position is improperly classified, 5 U.S.C. § 5101 *et seq.*, OSC in fact complied with its statutory requirement to investigate *to the extent necessary* to determine whether there were reasonable

Accordingly, OSC has fully discharged its duties under § 1214 to investigate MA-00-0964 and MA-03-1124 and owes no further duty to Petitioner.  See Cobell, 334 F.3d at 1137.

It is clear from her petition that Petitioner is mainly concerned with the extent and scope of OSC's investigation into her PPP complaints.  Petitioner apparently disagrees with OSC's determinations in 2000 and 2003 not to proceed further; however, OSC has no further statutory duty to investigate these complaints, having fully met the requirements of § 1214.  While Congress clearly provided, in § 1214(a)(1)(A), that OSC must investigate to determine whether reasonable grounds exist to believe that a PPP has occurred, Congress qualified that duty with the language "to the extent necessary," which places the scope and extent of that investigation and determination in OSC's discretion and beyond the reach of mandamus relief.  See Wren, 681 F.2d at 874 (while mandamus relief may be proper if OSC fails to conduct any investigation, the scope of any investigation it conducts is within its discretion and need only be extensive enough for it to make its "reasonable grounds" determination).  Thus, although Petitioner may disagree with OSC's determination at the conclusion of its investigations, this Court cannot substitute its judgment for that of OSC in determining, ultimately, that sufficient grounds did not exist to continue to pursue this complaint.  See id. at 876 ("Congress did not mean to make the OSC's decision to terminate or conduct an investigation or bring a proceeding before the [Merit Systems Protection] Board reviewable on the merits"); see also Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir. 1988).

---

grounds to believe that a PPP had occurred.  OSC reviewed Petitioner's voluminous documentary submission and gathered additional information from her through telephone conversations.  This type of preliminary investigation is sufficient to satisfy OSC's obligations under § 1214(a)(1).

Petitioner also states in her complaint that "OSC closed the Petitioner's complaint without referring the well evidenced agency violations to the Commander [of Walter Reed Army Medical Center] as required by Title 5, U.S.C. 1214(e)." (Compl., at p. 41, ¶ 2.)  However, Petitioner misreads § 1214(e), which states "if . . . the Special Counsel determines that there is reasonable cause to believe that any violation of any law, rule, or regulation has occurred . . . the Special Counsel shall report such violation to the head of the agency involved."  5 U.S.C. § 1214(e).  It is wholly within the Special Counsel's discretion to determine that reasonable grounds exist.  If he determines that there is no reasonable cause to believe that a violation of law has occurred after conducting a preliminary investigation into the PPP allegations, as is the case here, then he has no obligation to make a report to the head of the agency involved in the complaint.  Because OSC has fully discharged its duty to investigate Petitioner's complaints, it owes no further duty to Petitioner, under § 1214(a)(1)(A) or under § 1214(e).

In sum, the preceding makes evident that Petitioner cannot establish two of the essential requirements for mandamus:  (1) that she has a clear and indisputable right to relief, and (2) that OSC has a clear duty to act.  Instead, it is clear that OSC fully complied with all of its statutory obligations toward Petitioner and that she was afforded all that she was due under the law.  Consequently, she cannot establish the elements necessary to establish her entitlement to the mandamus relief she seeks and her Petition for a Writ of Mandamus should be denied.

What is more, Petitioner's disagreement with OSC's discretionary determination about the scope of its investigation and about its "reasonable grounds" determination does not provide the extraordinary basis courts require to invoke the writ.  Rather, they are the type of discretionary determinations for which mandamus relief is clearly inappropriate.

12

# V. **CONCLUSION**

The present case is simply not the type of clear and compelling case for which the extraordinary relief of mandamus is appropriate.  While petitioner may disagree with the extent of  OSC's investigation of her PPP complaints, and by corollary, OSC's determinations about her complaints, she has not established that OSC failed to perform any clearly established duty in relation to MA-00-0964 or MA-03-1124, or that she has a clear and indisputable right to the relief that she has requested.  Because the scope of an OSC investigation and its determination about whether there are reasonable grounds to believe a PPP has occurred are left to the sound discretion of the Special Counsel, mandamus is not an appropriate remedy here, and Petitioner's Petition for a Writ of Mandamus should be dismissed with prejudice.


Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney


_____/s_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Respondent

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
**SUSAN H. MINEHAN**                      )
                                          )
                    **Petitioner,**        )
                                          )
        **v.**                             )        **Civil Action No. 08-0499 (JR)**
                                          )
**UNITED STATES OFFICE**                  )
**OF SPECIAL COUNSEL**                    )
                                          )
                    **Respondent.**        )
_____)

**RESPONDENT'S STATEMENT OF MATERIAL FACTS**
**NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7(h), Respondent hereby submits the following statement.

   1.  Petitioner, *pro se*, filed a Petition for Writ of Mandamus against OSC on May 2, 2008,

requesting that this Court order OSC to investigate prohibited personnel practice (PPP)

allegations stemming from her employment with the Department of the Army.[1]

   2.  Petitioner filed PPP complaints with OSC on February 25, 2000 and March 18, 2003.

In the first, she alleged that the Department of the Army committed PPPs as described at 5

U.S.C. § 2302(b)(4), (9), and (12);[2] in the second, she repeated her allegation that the

Department

_____

[1] While Respondent does not dispute that the employment case with the Army was settled,
Petitioner did not attach a copy of the agreement to her petition.

[2] Under section 2302(b), federal officials with personnel action authority are prohibited from:
deceiving or willfully obstructing any person with respect to her right to compete for
employment; retaliating against any employee for exercising a complaint, appeal, or grievance
right; and taking or failing to take a personnel action if doing so violates any law, rule, or
regulation that implements a merit system principle.  5 U.S.C. § 2302(b)(4), (9), and (12).

of the Army committed the PPP described at 5 U.S.C. § 2302(b)(12).  (Exhibit 1, Declaration of Kristin Ellis ("Ellis Decl.") at ¶¶ 4-5).

3.  OSC opened investigative files with respect to each complaint, which it identified with OSC File Nos. MA-00-0964 and MA-03-1124, respectively.

OSC File No. MA-00-0964

4.  Petitioner filed this PPP complaint with OSC in February 2000, alleging that she did not receive a non-competitive promotion and that she was reassigned in retaliation for filing a complaint with the Office of Inspector General, and further alleging violations of law/regulation with respect to the classification of her position. (Ex. 1 to Ellis Decl., PPP Complaint.)

5.  OSC's records about this complaint are voluminous and contain notes and summaries of conversations with Petitioner prepared by OSC; internal OSC notes about the complaint; and documents and a tape recording provided to OSC by Petitioner.  (Ellis Declaration at ¶ 6.)

6.  OSC conducted a preliminary investigation of Petitioner's allegations by thoroughly reviewing the documentation she provided and by gathering additional information from her during telephone conversations. (Id. at ¶ 7.)

7.  Petitioner was notified by OSC about its preliminary determination that "no further investigation [was] warranted" by letter dated May 9, 2000.  (Ex. 3 to Ellis Decl., Letter to Petitioner dated May 9, 2000.)

8.  In the preliminary determination letter, OSC explained its findings of fact and conclusions of law to Petitioner and provided her with an opportunity to provide a written response.  (Id.)

2

9.    Following the review of Petitioner's written and verbal comments to the preliminary determination, the matter was closed on June 28, 2000, because OSC found insufficient evidence of any prohibited personnel practices or other violations warranting further inquiry by the Office. (Ex. 4 to Ellis Decl., Letter to Petitioner dated June 28, 2000.)

10.    Upon Petitioner's request, the OSC reconsidered its decision and in December 2001, reaffirmed its previous determination to close the complaint.  (Exs. 5 and 6 to Ellis Decl., Letter to OSC from Petitioner dated November 8, 2001 and Letter to Petitioner dated December 18, 2001, respectively.)  At that point, she had no further avenues of appeal within OSC with respect to OSC File No. MA-00-0964.

OSC File No. MA-03-1124

10.    Petitioner filed the above numbered complaint with OSC in March 2003.  (Ex. 2 to Ellis Decl., PPP Complaint.)

11.    Because this complaint repeated one of the allegations raised in MA-00-0964, about which OSC had already conducted a preliminary investigation, OSC sent Petitioner a letter reiterating its previous decision that there was insufficient evidence to conclude that a PPP or other violation had occurred.[3]  (Ex. 7 to Ellis Decl., Letter to Petitioner dated April 8, 2003.)

12.    At Petitioner's request, OSC reconsidered its decision and subsequently denied her request for reconsideration.  (Exs. 8 and 9 to Ellis Decl., Letter to OSC from Petitioner dated April 29, 2003 and Letter to Petitioner dated May 7, 2003, respectively.)  At that point, she had no further avenues of appeal within OSC with respect to OSC File No MA-03-1124.

_____

[3] In MA-03-1124, Petitioner reiterated her allegation that agency officials violated 5 U.S.C. § 2302(b)(12) with respect to the classification of her position.  She did not reiterate her 5 U.S.C. § 2302(b)(4) or (b)(9) allegations.

3

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar #  434122
Assistant United States Attorney

_____/s_____
LANNY J. ACOSTA, JR.
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895
Attorneys for Defendants

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of August, 2008, I caused the foregoing

Respondent's Motion for an to Dismiss or in the Alternative for Summary Judgment, to be

served on plaintiff via first class mail postage prepaid, addressed as follows:

SUSAN H. MINEHAN
13733 Town Line Road
Silver Spring, MD 20906-2113


_____/S_____
LANNY J. ACOSTA, JR.
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780

**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

# DECLARATION

I, Kristin L. Ellis, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I have been employed by the U.S. Office of Special Counsel (OSC) as an attorney since February 10, 1998. From that date until approximately August 2000, I was assigned to the Complaints Examining Unit (CEU), which is the intake unit for all prohibited personnel practice (PPP) complaints filed with OSC. From approximately August 2000 until April 2007, I was assigned to the Investigation and Prosecution Division (IPD), which investigates, and when warranted, prosecutes PPPs. From approximately April 2007 to the present, I have been assigned to the Legal Counsel and Policy Division (LCP), which is OSC's general counsel's office.

2. Personnel in CEU conduct preliminary investigations of PPP complaints to determine whether there is a legal and/or factual basis for a more in-depth investigation, and/or for seeking corrective and/or disciplinary action. CEU's preliminary investigation consists of reviewing the PPP complaint and obtaining additional evidence, as necessary, from the complainant and/or from the agency involved.

3. Petitioner has filed two PPP complaints with OSC stemming from her employment with Department of the Army. Her first complaint was filed on or about February 25, 2000, and was assigned OSC File No. MA-00-0964; a true and accurate copy of her complaint (excluding exhibits) is attached hereto as Exhibit 1. Her second complaint was filed on or about March 18, 2003, and was assigned OSC File No. MA-03-1124; a true and accurate copy of her complaint is attached hereto as Exhibit 2.

## MA-00-0964

4. I am familiar with MA-00-0964 because I was assigned to conduct the preliminary investigation of it while employed in CEU. I also reviewed the case file after Petitioner filed the pending petition for writ of mandamus. The file is voluminous and contains over 75 exhibits, an audio taped interview, and documents and notes generated by OSC.

5. In this PPP complaint, Petitioner complained about not receiving a non-competitive promotion, which she alleged violated 5 U.S.C. § 2302(b)(4);

Declaration of Kristin L. Ellis

asserted that she was not promoted and was reassigned in retaliation for filing a complaint with the Office of Inspector General, which she alleged violated 5 U.S.C. § 2302(b)(9); and claimed that her position was improperly classified, which she alleged violated 5 U.S.C. § 2302(b)(12).

6. During my preliminary investigation of MA-00-0964, I reviewed Petitioner's written complaint (which is approximately 108 pages long) and all of the documentation she provided; listened to an audio-taped interview she submitted; and gathered additional facts from her during telephone conversations. I also conducted legal research necessary to evaluate her allegations.

7. As a result of my preliminary investigation, I made a preliminary determination that further investigation of Petitioner's allegations was not warranted. I notified her about this preliminary determination, and explained my findings of fact and conclusions of law in a letter to her dated May 9, 2000, a true and accurate copy of which is attached hereto as Exhibit 3. The letter also notified Petitioner of her statutory right to submit written comments responding to my preliminary determination.

8. Petitioner submitted a written response. In addition, I had a conversation with her to discuss her response. After considering both of her responses, I concluded that they did not provide a factual or legal basis to alter the preliminary determination in her case. On June 28, 2000, OSC closed her case because there was insufficient evidence of any PPP or other violation to warrant further investigation. A true and accurate copy of OSC's closure letter is attached hereto as Exhibit 4.

9. Although not required by statute, OSC permits complainants to request reconsideration of a decision to close a case file. Such a request is considered by the Associate Special Counsel for Investigation and Prosecution. If he determines that a case warrants further investigation, he will direct that it be re-opened and additional evidence gathered. If he determines that a case does not warrant further investigation, he sends a letter to the complainant to notify him/her that he has affirmed OSC's previous decision.

10. Upon request, OSC reconsidered the decision to close Petitioner's case. A true and accurate copy of Petitioner's request is attached hereto as Exhibit 5. In December 2001, the Associate Special Counsel for Investigation and Prosecution affirmed the previous decision to close the case in a letter to Petitioner, a true and accurate copy of which is attached hereto as Exhibit 6. At that point, Petitioner had no further avenues of appeal within OSC with respect to MA-00-0964.

Declaration of Kristin L. Ellis

---

<u>MA-03-1124</u>

11. I have become familiar with MA-03-1124 because I reviewed the case file after Petitioner filed the pending petition for a writ of mandamus. The file contains approximately 150 pages of documents (about half received by OSC prior to closure of the complaint and about half received after OSC's closure of her complaint).

12. In this complaint, Petitioner reiterated her allegation that officials at the Department of the Army violated 5 U.S.C. § 2302(b)(12) with respect to the classification of her position. (She did not reiterate her § 2302(b)(4) or (b)(9) allegations.)

13. The preliminary investigation of this complaint consisted of reviewing the evidence submitted by Petitioner as well as information from her previous complaint.

14. Because OSC had previously conducted a preliminary investigation into this allegation in MA-00-0964, OSC sent Petitioner a letter reiterating its previous decision that there was insufficient evidence to conclude that a PPP or other violation had occurred, a true and accurate copy of which is attached hereto as Exhibit 7.

15. Upon request, OSC reconsidered it decision in this case and the Associate Special Counsel for Investigation and Prosecution subsequently affirmed the previous decision to close the case. True and accurate copies of Petitioner's request and OSC's response are attached hereto as Exhibits 8 and 9, respectively. At that point, Petitioner had no further avenues of appeal within OSC with respect to MA-03-1124.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of August, 2008.

Kristin L. Ellis

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                          |     |                                  |
|--------------------------|-----|----------------------------------|
| **SUSAN H. MINEHAN**     | )   |                                  |
|                          | )   |                                  |
| **Petitioner,**          | )   |                                  |
|                          | )   |                                  |
| **v.**                   | )   | **Civil Action No. 08-0499 (JR)** |
|                          | )   |                                  |
| **UNITED STATES OFFICE** | )   |                                  |
| **OF SPECIAL COUNSEL**   | )   |                                  |
|                          | )   |                                  |
| **Respondent.**          | )   |                                  |

_____)

**<u>ORDER</u>**

Upon consideration of Respondent's Motion to Dismiss or in the Alternative for

Summary Judgement, and the entire record of this case, it is hereby

**ORDERED** that Respondent's Motion to Dismiss or in the Alternative for Summary

Judgment is **GRANTED**, and it is

**FURTHER ORDERED** that Petitioner's Complaint is dismissed with prejudice.

Dated this _____ day of _____, 2008.

_____
James Robertson
United States District Judge

Copies to:
Parties to Respondent via ECF and to Petitioner via first-class mail