UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN H. MINEHAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 08-0499 (JR) |
| | : | |
| UNITED STATES OFFICE OF SPECIAL COUNSEL, | : | |
| | : | |
| Respondent. | : | |

ORDER

Respondent has filed a motion to dismiss or for summary judgment. Petitioner, proceeding *pro se*, is advised of the following.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond. . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that on a motion for summary judgment "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (*quoting Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The court in *Neal* also specified that the "text of

Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.*. Rule 56(e) of the Federal Rules of Civil Procedure states:

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e). Thus, parties, such as the petitioner, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58. Accordingly, it is

   **ORDERED** that petitioner shall respond to respondent's motion to dismiss or for summary judgment by **October 6, 2008**. If petitioner does not respond by the deadline, the Court will treat the motion as conceded and may dismiss the case.

JAMES ROBERTSON
United States District Judge