UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN H. MINEHAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 08-0499 (JR) |
| | : | |
| UNITED STATES OFFICE OF SPECIAL COUNSEL, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

In this action for a writ of mandamus, petitioner seeks to compel the Office of Special Counsel ("OSC") to investigate alleged prohibited personnel practices ("PPP") by her former employer, the Department of Army. OSC moves to dismiss or for summary judgment on the bases that one claim is barred by the statute of limitations and that it complied with its statutory duty to investigate the charge forming the basis of the remaining claim. Upon consideration of the parties' submissions, the Court grants respondent's motion for summary judgment.

This civil action, filed March 24, 2008, stems from petitioner's grievances to OSC on February 25, 2000 and March 18, 2003.[1] Because OSC issued its final action on the earlier grievance on December 18, 2001, *see* Declaration of Kristin Ellis ¶ 10, respondent rightly asserts that this claim is barred by the six-year statute of limitations applicable to lawsuits against the

---

[1] In the first grievance, petitioner claimed that Army officials unlawfully denied her a non-competitive promotion, unlawfully misclassified her position and retaliated against her for filing a complaint with the Office of Inspector General. Ellis Decl. ¶ 5. The second grievance restated the claim of unlawful misclassification. *Id*. ¶ 12.

United States.  28 U.S.C. § 2401.  Petitioner's 2003 grievance restated one of the claims made in the 2000 grievance that OSC had investigated.  Ellis Decl. ¶ 12; *but see* Pl.'s Opp. at 4 (asserting that the later grievance "contained new information and should not have been construed as containing the same information" as the earlier grievance).  After "[r]eviewing the evidence submitted by Petitioner as well as information from her previous complaint," Ellis Decl. ¶ 13, OSC adopted its earlier finding of insufficient evidence of a PPP.  *Id*. ¶ 14.  In response to petitioner's request for reconsideration based on her claim of new information, OSC, having indicated previously that it had considered her new information, "affirmed the previous decision to close the case."  *Id*. ¶ 15.

Mandamus is an extraordinary remedy to compel an agency "to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  OSC must investigate complaints "to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken."  5 U.S.C. § 1214(a)(1).  Because OSC satisfied its statutory duty by conducting an investigation of the alleged PPP, *see* Ellis Decl. ¶¶ 4-8, 13, no basis exists for issuing the writ.  A separate Order accompanies this Memorandum Opinion.

                                                                             JAMES ROBERTSON
                                                 United States District Judge